## CHARLES EMBRY vs. ANDREW MORRISON.

### October Term, 1873.

VOID SALE—SLAVE.—A sale of a house and lot to a slave was void, and will be so declared upon bill filed by the slave since his emancipation, although the consideration had been partly paid, and improvements made on the lot by the purchaser.

SAME—PURCHASE-MONEY—IMPROVEMENTS.—Although the money of a slave in legal contemplation belonged to the master, yet, as the master recognized the right of the slave at the time, his freedom will be held, by relation, to go back to the date when the right accrued, and he will be entitled to a

decree for the money paid, and for the permanent enhancement in the value of the land by improvements made by him, and for taxes, subject to account for reasonable rent, and a lien will be declared on the land for the balance, if any, found due him.

*E. H. East*, for complainant.

*Ed. Baxter*, for defendant.

THE CHANCELLOR :—On the 23d day of November, 1864, the defendant sold to the complainant, then a slave, the property of B. Embry, a house and lot in Nashville, and by deed of that date conveyed the lot to him. The consideration of the sale was the sum of $2,800, of which $1,000 were paid in cash by the complainant at the time, and the residue secured by his four several notes of that date, at 6, 12, 18 and 24 months, with interest. ' The complainant afterwards paid the first of these notes, and made three payments on the second note, amounting in all to $190, the last payment being made on the 13th of March, 1867. On the 30th of July, 1867, this bill was filed to be relieved from this contract on various grounds. The defendant answered, and proof has been taken on both sides.

I am relieved from the necessity of investigating the questions raised by the pleadings and proof, and which have been argued by counsel, by the fact which is admitted in the answer, and distinctly proved that the complainant was, on the 23d of November, 1864, and so continued until slaves were legally emancipated in this state, a slave, the property of B. Embry. No principle of law is better settled in this state than that a slave has no power to make a contract, unless it be a contract for his freedom, an exception *in favorem liber- tatis*, which proves the general rule. *Pulse* v. *State*, 5 Hum. 108 ; *Jenkins* v. *Brown*, 6 Hum. 299 ; *Bedford, Trustee*, v. *Williams*, 5 Cold. 202. See *Hall's case*, 9 Court of Claims.

The contract of sale was, therefore, absolutely void. But it does not follow, as the learned counsel of the defendant seems to think, that the complainant is not entitled to recover the money paid by him on this void contract, or that the title to the property conveyed is thereby re-vested

in the defendant. It is true that the money which was paid belonged by law to B. Embry, the master, and that the title to the property conveyed in legal contemplation vested in the master also. *University* v. *Carabreling*, 6 Yer. 84; *Jenkins* v. *Brown*, 6 Hum. 302. But it is well settled that if the master at the time recognize the right of the slave to money or property received by, or made payable to or for the latter, and the slave is afterwards emancipated, his freedom by relation will be held to extend to the time when the right first accrued. *Lewis* v. *Simonton*, 8 Hum. 185, 191; *Jenkins* v. *Brown*, 6 Hum. 299; *Bedford* v. *Williams*, 5 Cold. 207.

The complainant is, therefore, entitled to have his notes cancelled and delivered up to him, and to recover the purchase-money paid by him, and, in analogy to the rights of parties under parol sales of land void by the statute of frauds, to have the same declared a lien upon the land until paid. The complainant will also be entitled to the value of any permanent improvements put upon the lot before the filing of his bill to the extent to which such improvements have enhanced the value of the realty, and to a credit for taxes and necessary repairs paid, and must account for rent up to the surrender of the property. The complainant will also pay the costs which have heretofore accrued. Other costs to be hereafter adjudged.

NOTE.—This decision was affirmed upon appeal.